### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES SPECK JR. | ) | |
| 32107 Hamilton, Apt. 208 | ) | |
| Solon, OH 44139 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| BUREAU OF COLLECTION | ) | |
| RECOVERY, INC. | ) | Division No. |
| 7575 Corporate Way | ) | |
| Eden Praire, MN 55344 | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

CHARLES SPECK JR. (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against the BUREAU OF COLLECTION RECOVERY, INC.. (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

PLAINTIFF'S VERIFIED COMPLAINT

1

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

6. Plaintiff is a natural person who resides in Solon, Cuyahoga County, Ohio and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

7. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

8. Defendant is a debt collector with an office in Eden Praire, County of Hennepin, Minnesota.

9. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

10. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant calls Plaintiff at telephone number (440) 666-8711.

13. Defendant talked to Plaintiff in an abusive and harassing manner.

14. Defendant communicated to a third party, Plaintiff's parents, that Plaintiff allegedly owes a debt.

15. Defendant placed telephone calls without meaningful disclosure of the caller's identity.

16. Defendant failed to identify itself as a debt collector in subsequent communications.

17. Defendant threatened to garnish Plaintiff's wages if Plaintiff did not pay her alleged debt, event though Defendant does not intend to do so.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(1)* of the FDCPA by communicating with Plaintiff's parents and failing to identify himself and state that he is confirming or correcting location information.

    b. Defendant violated *§1692b(2)* of the FDCPA by communicating with Plaintiff's parents and stating that Plaintiff owes a debt.

    c. Defendant violated §*1692c(b)* of the FDCPA by communicating with third parties, Plaintiff's parents, in connection with the collection of Plaintiff's alleged debt.

    d. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

    e. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff is telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    f. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity by calling Plaintiff and hanging up the phone;

    g. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication is from a debt collector.

WHEREFORE, Plaintiff, CHARLES SPECK JR., respectfully requests judgment be entered against Defendant, BUREAU OF COLLECTION RECOVERY, INC. for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

20. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Actual damages,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

23. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, CHARLES SPECK JR., requests a jury trial in this case.

              RESPECTFULLY SUBMITTED,


            By:\_\_\_\_/s/Peter Cozmyk_____
              Peter Cozmyk,
              Attorney for Plaintiff

Ohio Registration No. 0078862
Krohn & Moss, Ltd.
3 Summit Park Drive
Suite 140
Independence, Ohio 44131
phone: (216) 901-0609
fax: (866) 425-3459
e-mail: pcozmyk@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OHIO

Plaintiff, CHARLES SPECK, states the following:
1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, CHARLES SPECK hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_2/2/2010_
Date

_____
CHARLES SPECK Jr.

PLAINTIFF'S VERIFIED COMPLAINT

6